968 So.2d 614 (2007)
Loran R. BALVANZ, GRRO Holdings, Inc., a Florida corporation, and U.S. Manufacturing, Inc., an Iowa corporation, Appellants,
v.
COAST BANK OF FLORIDA, Global Resource Recovery Organization, Inc., a Florida corporation, Environ Manufacturing, LLC, a Michigan limited liability company, Forrest L. Robinson, Linda Robinson, and Domtar Industries, Inc., a Delaware corporation, Appellees.
No. 2D06-5126.
District Court of Appeal of Florida, Second District.
October 5, 2007.
Rehearing Denied November 28, 2007.
*615 John P. Harllee, III, and Andrea M. Johnson of Harllee & Bald, P.A., Bradenton, for Appellants.
W. Nelon Kirkland of Harrison, Hendrickson & Kirkland, P.A., Bradenton, for Appellee, Coast Bank of Florida.
No appearance for Appellees Global Resource Recovery Organization, Inc., Environ Manufacturing, LLC, Forrest L. Robinson, Linda Robinson, and Domtar Industries, Inc.
WHATLEY, Judge.
Loran R. Balvanz, GRRO Holdings, Inc., and U.S. Manufacturing, Inc., appeal a final judgment entered in favor of Coast Bank of Florida. We conclude that the trial court erred in determining the rate of interest on the judgment and reverse that portion of the judgment. The final judgment is otherwise affirmed.
The trial court found that the interest rate on the judgment accrued at the default rate of 24% pursuant to a promissory note. Paragraph five of the note provided as follows:
Whenever there is a default under this Note . . . (b) to the extent permitted by law, the rate of interest on the unpaid principal shall, at the option of the Bank, be increased to the maximum rate allowed by law, herein called the `Default Rate' which Default Rate shall be equally applicable to any judgment entered hereon. . . .
(Emphasis added.)
The Appellants correctly contend that Coast Bank never exercised nor attempted to exercise its option to increase the rate of interest to 24%. The record contains the affidavit of Michelle DeLorme, a records custodian for Coast Bank, and an attachment to the affidavit indicating that the Appellants owed a prejudgment interest rate from May 4, 2005, to June 7, 2006, ranging from 9% to 11%. There is no evidence in the record indicating that Coast Bank was exercising its option to increase the interest rate to the maximum rate allowed by law. Accordingly, that portion of the final judgment determining the default rate of interest is reversed and remanded for the trial court to determine an appropriate rate of interest not to exceed 11%. All other portions of the final judgment are otherwise affirmed.
Affirmed in part, reversed in part, and remanded with directions.
VILLANTI, J., and BARBAS, REX MARTIN, Associate Judge, Concur.